**LOKER LAW, APC**
Matthew M. Loker (279939)
matt@loker.law
Telephone: (805) 994-0177
Scott M. Plescia (349319)
scott@loker.law
Telephone: (805) 323-3780
132 Bridge Street
Arroyo Grande, CA 93420

*Attorney for Plaintiff,*
Matthew Risinger

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MATTHEW RISINGER,**<br><br>Plaintiff,<br><br>v.<br><br>**DISCOVER BANK; EQUIFAX INFORMATION SERVICES LLC; and, EXPERIAN INFORMATION SOLUTIONS, INC.,**<br><br>Defendants. | **Case No.:** 2:26-cv-02050-MCS-MAR<br><br>**JOINT DISCOVERY PLAN PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F)**<br><br>**DATE:** June 22, 2026<br>**TIME:** 10:00 a.m.<br>**COURTROOM:** C<br><br>**HON. MARK C. SCARSI** |

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

Plaintiff MATTHEW RISINGER ("Plaintiff") and Defendants DISCOVER BANK, ("CONA) EQUIFAX INFORMATION SERVICES LLC, (EQUIFAX" AND EXPERIAN INFORMATION SOLUTIONS, INC. jointly submit this report in accordance with Rule 26(f) of the Federal Rules of Civil Procedure.

## A. STATEMENT OF CASE

**PLAINTIFF:** Plaintiff Matthew Risinger is a victim of identity theft. An unknown individual fraudulently opened a Discover Bank credit card account in Plaintiff's name without his knowledge or authorization, resulting in a reported balance of $1,936. Despite Plaintiff's provision of substantial identity-theft documentation to Discover Bank, Experian, and Equifax -- including an FTC Identity Theft Report, a Los Angeles Police Department report, government-issued identification, and a written narrative -- those Defendants continued to report the fraudulent account as accurate and owing. Trans Union conducted a reasonable investigation and deleted the account. Discover Bank confirmed the account as valid without contacting Plaintiff or comparing the fraudulent Georgia address to Plaintiff's actual residence. As a result of Defendants' failures to conduct reasonable investigations and their continued inaccurate reporting, Plaintiff has suffered damage to his credit, loss of credit opportunities, and significant emotional distress.

**CONA**: Capital One, N.A.'s, successor by merger to Discover Bank ("CONA") records reflect that a Discover credit card account currently ending 5761 was opened in Plaintiff's name on or about March 11, 2023 (the "Account"). CONA denies any wrongdoing. CONA did not violate the Fair Credit Reporting Act ("FRCA"), the California Consumer Credit Report Agencies Act ("CCCRAA"), California's Identity Theft Act ("CITA"), or the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). Upon receiving Plaintiff's disputes related to the Account, CONA conducted a reasonable investigation in full compliance with the law. CONA reasonably concluded that the Account at issue was authorized by

**CASE NO. 2:24-CV-06489-AB-KS**                    **1 OF 9**                    *2:24-cv-06489 AB (KSx)*

**JOINT DISCOVERY PLAN PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F)**
DB2/ 652477819.1

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

Plaintiff. Moreover, CONA intends to show that Plaintiff was not harmed as a result of any conduct by CONA, and that Plaintiff is not entitled to any relief from CONA.

**EQUIFAX:** Equifax is a consumer reporting agency as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA"). Equifax denies Plaintiff's claims and denies that it violated the FCRA. Equifax disputes that it failed to comply with §§ 1681e and/or 1681i, or any other portion of the FCRA, and denies that it is liable to Plaintiff. Equifax specifically states that it maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff. Additionally, Equifax denies that Plaintiff is entitled to any of the relief sought in the Complaint, and specifically denies that Plaintiff can support a claim for punitive damages in this action. Equifax makes this statement without waiving any defenses and reserves the right to supplement this statement as the facts are developed.

## B. SUBJECT MATTER JURISDICTION

**PLAINTIFF:** Plaintiff contends that this Action is properly before this Court due to federal question jurisdiction as a result of Plaintiff's claims pursuant to the Fair Credit Reporting Act, 15 U.S.C. section 1681, et seq.

**CONA:** CONA does not challenge jurisdiction and venue for the purpose of this action only but denies liability under the alleged statutes.

**EQUIFAX:** Equifax does not dispute this Court's jurisdiction.

## C. LEGAL ISSUES

**PLAINTIFF:** The key legal issue concerning Plaintiff's prima facie claims is whether Defendants failed to conduct reasonable reinvestigations of Plaintiff's disputes in violation of the Fair Credit Reporting Act, 15 U.S.C. sections 1681i and 1681s-2(b), the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code section 1785.25(a), and California's Identity Theft Act, Cal. Civ. Code section 1798.92, et seq., and whether their conduct was willful within the meaning of those statutes

**JOINT DISCOVERY PLAN PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F)**

DB2/ 652477819.1

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

**CONA:** CONA believes that the key legal issues with respect to CONA are: (1) whether any information reported by CONA regarding Plaintiff contained an inaccuracy; (2) whether CONA knew, or should have known, that the information it furnished regarding Plaintiff was inaccurate; (3) whether CONA conducted a reasonable investigation into any alleged dispute by Plaintiff; and (4) whether Plaintiff suffered any damages, and if so, whether any such damages are attributable to CONA.

**EQUIFAX:** The key legal issues with respect to Equifax are (1) whether Plaintiff can meet his burden to prove that any reinvestigation conducted by Equifax violated the FCRA; (2) whether Plaintiff can meet his burden of proving a claim against Equifax for negligent noncompliance with the FCRA; (3) whether Plaintiff can meet his burden of proving a claim against Equifax for willful noncompliance with the FCRA; (4) whether Plaintiff can meet his burden of proving that he suffered any damages proximately caused by any action or inaction of Equifax; (5) whether Plaintiff is entitled to any damages (actual, punitive, statutory, costs, and/or fees) from Equifax pursuant to the FCRA; (6) whether any alleged damages suffered by Plaintiff were caused in whole or in part by a third party, an intervening or superseding cause, and/or the actions of Plaintiff; (7) whether Plaintiff failed to mitigate those damages; and (8) whether some or all of Plaintiff's claims are barred by applicable statute of limitations.

## D. PARTIES, EVIDENCE, ETC.

**PLAINTIFF:** The key witnesses from Plaintiff's perspective are Plaintiff; Defendant's respective Fed. R. Civ. P. 30(b)(6) witness(es); and, Defendant's respective Fed. R. Civ. P. 30(b)(1) witness who handled Plaintiff's account.

In addition, the key documents are Plaintiff's disputes; documents regarding Plaintiff's damages; and, Defendants' files on Plaintiff including documents regarding each Defendants' investigation of Plaintiff's disputes.

**CONA**: CONA anticipates relevant witnesses will include Plaintiff,

**JOINT DISCOVERY PLAN PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F)**

DB2/ 652477819.1

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

representatives from each of the party defendants, third party witnesses identified through discovery, expert witness, if applicable, and other individuals or entities identified through discovery. CONA's evidence will include records from the disputed account(s), including records of its investigations into Plaintiff's disputes.

**EQUIFAX:** Equifax identifies the following parties, percipient witnesses, and key documents on the main issues in the case herein based on the information currently and reasonably available to Equifax. Equifax also reserves the right to supplement or amend this information under Fed. R. Civ. P. 26(e) or any other applicable rule:

- Plaintiff Matthew Risinger

- Any entity with whom Plaintiff alleges to have applied for credit, employment, or insurance. These individuals may have knowledge of the facts at issue in this case regarding account(s) and/or any adverse actions. Name(s) and address(es) presently unknown.

- Any other party to this lawsuit.

- Any witness identified by any other party to this lawsuit.

- Any individual needed for impeachment or rebuttal.

- Any spouse, family members, or friends of Plaintiff, who may have knowledge of the factual basis of the claims and defenses. Name(s) and address(es) presently unknown.

- A representative of the disputed furnisher(s), identity currently unknown. These individuals are likely to have information regarding the account history and reporting of the disputed account(s), including responses to requests for investigation.

Equifax identifies the following documents that may be used to support its defenses in this litigation that are in the possession of its counsel:

- Plaintiff's credit file;

- Relevant portions of Equifax's policy and procedure manuals;

- ACIS cases and ACDVs, if any;
- Any documents identified by Plaintiff and/or co-defendants;
- Any other documents produced in discovery; and
- Any and all documents needed for rebuttal or impeachment.

## E. DAMAGES

**PLAINTIFF:** Plaintiff contends the realistic range of provable damages is in the six figures.  This number will take more shape through the assistance of an economist and as Plaintiff develops the evidentiary record during the discovery process.

**CONA**: CONA contends that Plaintiff was not harmed as a result of any conduct by CONA, and that Plaintiff is not entitled to any relief from CONA.

**EQUIFAX:** Equifax denies Plaintiff's damages and is not claiming any damages at this time, but reserves the right to do so.

## F. INSURANCE

**PLAINTIFF:** Plaintiff does not have an insurance policy related to this action.

**CONA**: CONA is not aware of any insurance applicable to the claims asserted.

**EQUIFAX:** Equifax is self-insured.

## G. MOTIONS

**PLAINTIFF:** Plaintiff does not anticipate filing any motions to add parties or claims, file amended pleadings, or to transfer venue.

**CONA:** CONA reserves the right to file a motion for summary judgment as additional facts become known to CONA throughout discovery.

**EQUIFAX:** Equifax does not anticipate amending its pleadings or adding additional parties, but reserves the right to do so.

## H. MANUAL FOR COMPLEX LITIGATION

The Parties do not believe the Manual for Complex Litigation is required in this matter.

## I.  STATUS OF DISCOVERY

**JOINT DISCOVERY PLAN PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F)**
DB2/ 652477819.1

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

**PLAINTIFF:** Plaintiff will propound discovery in advance of the Scheduling Conference, with depositions to follow upon receipt of written responses.

**PLAINTIFF:** Plaintiff's does not believe any changes need to be made regarding the Fed. R. Civ. P. 26(a) disclosures. In addition, Plaintiff seeks discovery in this matter regarding the following:

- Plaintiff's file as maintained by each Defendant
- Documents or electronically stored information regarding account origination
- Plaintiff's disputes
- Documents regarding each Defendant's investigation of Plaintiff's disputes
- Documents regarding punitive damages
- Information sufficient to establish Plaintiff's damages

Plaintiff does not believe discovery should be conducted in phases or otherwise limited.

**CONA:** CONA will issue written discovery to Plaintiff to understand the basis of his claim as well as his claimed damages. CONA will likely seek third party discovery based on the information learned from Plaintiff and through discovery. CONA also reserves the right to seek other discovery as additional facts become known to CONA throughout discovery.

**EQUIFAX:** Equifax will propound discovery in the next 30 days, but is amenable to exchanging informal document production with Plaintiff to facilitate settlement discussion.

Equifax anticipates conducting written and oral discovery on the following subjects: (1) whether Plaintiff's Equifax credit file contained an inaccuracy; (2) whether any Equifax consumer report regarding Plaintiff contained an inaccuracy; (3) whether Equifax failed to maintain reasonable procedures to assure the maximum possible accuracy of consumer reports regarding Plaintiff; (4) whether

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

Plaintiff disputed the accuracy of an item of information on Plaintiff's Equifax credit file; (5) whether any reinvestigation conducted by Equifax violated the FCRA; (6) whether Plaintiff has met the burden of proving a claim against Equifax for negligent noncompliance with the FCRA; (7) whether Plaintiff has met the burden of proving a claim against Equifax for willful noncompliance with the FCRA; (8) whether Plaintiff has suffered any damages proximately caused by any action or inaction of Equifax; (9) whether Plaintiff is entitled to any damages (actual, punitive, statutory, costs and/or fees) from Equifax pursuant to the FCRA; (10) whether any damages suffered by Plaintiff was caused in whole or in part by a third party, an intervening or superseding cause, and/or action of Plaintiff; (11) whether Plaintiff failed to mitigate his damages; (12) whether some or all of Plaintiff's claims are barred by applicable statute of limitations; and (13) whether Plaintiff's claims for punitive damages under the FCRA violate the U.S. Constitution.

### J.  DISCOVERY CUT-OFF

The Parties propose a discovery cut-off of December 18, 2026

### K. EXPERT DISCOVERY

The Parties propose the following dates regarding expert

discovery: Initial Expert Disclosures - December, 21, 2026

Rebuttal Expert Disclosures – January 08, 2027

Expert Discovery Cut-Off – February 19, 2027

### L. DISPOSITIVE MOTIONS

**PLAINTIFF:** Plaintiff does not anticipate filing a dispositive Motion given the issues of reasonableness, causation, and willfulness at issue herein.

**CONA**: CONA anticipates filing a Motion for Summary Judgment, and Motions to Exclude and Motions in Limine, as necessary.

**EQUIFAX:** Equifax anticipates filing a motion for summary judgment or other dispositive motion on the issue of Equifax's liability and/or Plaintiff's damages.

Equifax reserves the right to file all appropriate motions, including motions in limine.

### M. SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION

**PLAINTIFF:** Plaintiff requests ADR Procedure No. 2 for this matter. In terms of settlement discussion to date, the parties have not yet engaged in formal settlement discussions

**CONA:** CONA prefers either ADR Procedure No. 1 (settlement conference with a Magistrate Judge) or 3 (private mediation), while continuing to attempt resolution via informal settlement negotiations between Plaintiff and CONA.

**EQUIFAX:** Equifax is currently evaluating Plaintiff's claims and anticipates engaging in settlement negotiations with Plaintiff soon. Regarding ADR, Equifax prefers ADR Procedure No. 2.

### N. TRIAL ESTIMATE

**PLAINTIFF:** Plaintiff requests a four-day jury trial with 5 witnesses to be called by Plaintiff.

**CONA:** CONA estimates this trial will take three to four days.

**EQUIFAX:** Plaintiff has requested a jury trial. Equifax anticipates a 2-4 day trial.

### O. TRIAL COUNSEL

**PLAINTIFF:** Plaintiff will be represented at trial by Plaintiff's counsel of record.

**CONA**: CONA's counsel is Arjun Rao and Marcos Sasso from Morgan, Lewis & Bockius LLP.

**EQUIFAX:** Equifax will be represented at trial by Heliane Fabian and potentially other attorneys from Seyfarth Shaw LLP.

### P. INDEPENDENT EXPERT OR MASTER

The Parties do not believe this is a case where the Court should consider appointing a master or independent scientific expert.

### Q. TIMETABLE

The Parties have jointly completed the Schedule of Pretrial and Trial Dates

**JOINT DISCOVERY PLAN PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F)**
DB2/ 652477819.1

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

form and have attached it as Exhibit A to the Joint Rule 26(f) Report.

## R. OTHER ISSUES

**PLAINTIFF:** Plaintiff is unaware of any such issues.

**EQUIFAX:** Equifax is unaware of any other issues at this time and will notify the Court should any arise.

**CONA:** CONA anticipates that a protective order will be necessary, and will meet and confer with the parties to jointly submit a protective order to the Court. CONA does not anticipate any ESI preservation issues, but should the need arise, Plaintiff and CONA will work together in a good faith attempt to resolve any disagreement about ESI without the need for judicial intervention, to the extent practicable.

**LOKER LAW, APC**
**132 BRIDGE STREET**
**ARROYO GRANDE, CA 93420**

**CASE NO. 2:24-CV-06489-AB-KS**   **9 OF 9**   *2:24-cv-06489 AB (KSx)*
**JOINT DISCOVERY PLAN PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F)**
DB2/ 652477819.1

Date: June 9, 2026

**LOKER LAW, APC**

By: ___/s/ Scott M. Plescia___
Scott M. Plescia, Esq.
Attorney For Plaintiff

**SEYFARTH SHAW LLP**

By: _____/s/ Heliane Fabian___
Helian Fabian, Esq.
Counsel For Equifax

**MORGAN, LEWIS & BOCKIUS LLP**

By: _/s/ Madison_Marshall__
Madison Marshall, Esq.
Counsel For Capital One N.A., successor by merger to Discover Bank

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(44) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to all defense counsel, and that I have obtained their authorization to affix electronic signatures to this document.

Date: June 9, 2026

**LOKER LAW, APC**

___/s/ Scott M. Plescia___
Scott M. Plescia, Esq.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

## CERTIFICATE OF SERVICE

A copy of the foregoing *Joint Discovery Plan Pursuant to F.R.C.P. 26(f)* has been filed on June 8, 2026, through the Court's electronic filing system.  All parties may access the foregoing via the Court's electronic filing system.


Date: June 9, 2026                                                    **LOKER LAW, APC**


                                                                   ___/S/ SCOTT M. PLESCIA____
                                                                   SCOTT M. PLESCIA, ESQ.

**LOKER LAW, APC**
**132 BRIDGE STREET**
**ARROYO GRANDE, CA 93420**

**CASE NO.:** 2:26-cv-02050-MCS-MAR                              *Risinger v. Discover Bank*

**PROOF OF SERVICE**